IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CODY SISK, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| RONALD SACHS VIOLINS, LLC, ) | |
| and RONALD E. SACHS ) | |
| ) | |
| Defendants. ) | |
| ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Cody Sisk ("Sisk" or "Plaintiff"), and files this Complaint against Defendants Ronald Sachs Violins, LLC ("RSV") and Ronald E. Sachs ("Sachs"), and shows the following:

### I.     Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendants' failure to pay federally mandated

overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendants.

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant Ronald Sachs Violin, LLC is a Georgia limited liability company and resides in this district. Defendant Sachs resides in this district. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III.     Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendants as a violin repairer/store worker from July 3, 2013 to April 24, 2016.

7.

Plaintiff was an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C. §203(e).

8.

From July 3, 2013 to April 24, 2016, while employed by Defendants as a violin repairer/store worker, Sisk's primary duty was the performance of non-exempt work, specifically repairing violins and violin bows.

9.

Defendants are "employers" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

10.

Throughout Plaintiff's employment, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours he worked over 40.

11.

Defendant RSV is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year. Defendant Sachs is a private

employer engaged in interstate commerce, and his gross revenues exceed $500,000 per year.

12.

Defendants knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without overtime compensation for hours he worked in excess of 40.

13.

From June 2013 to April 24, 2016, while employed by Defendants as a violin repairer/store worker, Plaintiff was paid on a salary basis and not paid overtime compensation for hours he worked in excess of 40 in workweeks.

14.

Defendants are governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

15.

Throughout Plaintiff's employment, Defendants failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over 40 hours in a workweek.

16.

During the last three years, Defendants maintained a policy of misclassifying Plaintiff as an "independent contractor."

17.

During the last three years, Plaintiff's job duties and the performance thereof, along with his hours worked were controlled by Defendants.

18.

Throughout his employment with Defendants, Plaintiff worked substantially in excess of 40 hours each week and he was entirely economically dependent on Defendants.

19.

Defendant Sachs lives in the Northern District of Georgia and has controlling ownership of Defendant RSV.

20.

Sachs is involved in the day-to-day operations and has substantial operational control over RSV, including, without limitation, the policies governing individuals employed in the same capacity as Plaintiff.

21.

Sachs exerts substantial control over RSV's compliance with the FLSA.

22.

Sachs has the power to hire and fire employees, including, without limitation, individuals employed by RSV in the same capacity as Plaintiff.

23.

Sachs controls employee work schedules or conditions of employment including, without limitation, individuals employed by RSV in the same capacity as Plaintiff.

24.

Sachs determines the rate and method of payment for employees including, without limitation, individuals employed by RSV in the same capacity as Plaintiff.

25.

At all times relevant to this action, Sachs had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by RSV in the same capacity as Plaintiff.

## Count I

## Violations of the Fair Labor Standards Act.

26.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

27.

Defendants have violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of 40 hours in given workweeks.

28.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

29.

Defendants' violations of the FLSA were willful and in bad faith.

30.

Defendants knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

31.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

## IV.    Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Permit Plaintiff to amend his Complaint to add additional claims if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted, this 3rd day of May, 2016.

                              **BARRETT & FARAHANY**

                              <u>/s/ V. Severin Roberts</u>
                              V. Severin Roberts
                              Georgia Bar No. 940504
                              Attorney for Cody Sisk

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120 (phone)
(404) 214-0125 (facsimile)