CONFIDENTIAL SETTLEMENT AGREEMENT
<u>AND GENERAL AND FULL RELEASE</u>

This Settlement Agreement and General and Full Release (hereinafter referred to as "Agreement"), is entered into by and between Cody Sisk, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Sisk") and Ronald Sachs Violins, LLC, and Ronald Sachs, Individually, and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "the Released Parties."). Throughout this Agreement, Sisk and the Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by the Released Parties of any violation of any law or any other liability including common law liability to Sisk.

WHEREAS, Sisk performed work for the Released Parties, and

WHEREAS, Sisk has alleged unlawful employment practices in violation of the Fair Labor Standards Act ("FLSA") and breach of contract and other claims against the Released Parties (allegations which the Released Parties vehemently deny), by filing a lawsuit styled *Cody Sisk v. Ronald Sachs and Ronald Sachs Violins, LLC*, Case No. 1:16-cv-01448-ELR, Northern District of Georgia, by filing administrative claims with a state or federal agency, or by communication with counsel for the Released Parties;

WHEREAS, the Released Parties deny that Sisk was ever their employee or that they owe any wages or other damages to Sisk;

WHEREAS, Sisk has represented to the Released Parties and to the Court that other than a claim for unemployment and this civil action, he has filed no formal or informal claim or inquiry with any other state, local or federal agency, including but not limited to the Internal Revenue Service;

WHEREAS, the Parties now desire to and do settle all claims by Sisk that were or could have been asserted against the Released Parties;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. The Released Parties agree to pay to Sisk the total amount of Fifty Thousand Dollars ($50,000), which sum includes attorneys' fees and costs. This sum shall be payable in two separate payments of Twenty-five Thousand Dollars ($25,000) each check made payable to Sisk and his attorneys, Barrett and Farahany, LLP., and delivered to the office of   Plaintiff's counsel, Barrett & Farahany, LLP, 1100 Peachtree Street, NE, Suite 500, Atlanta, Georgia 30309.

(a) The first payment shall be made within 30 days of the completion of all three (3) of the following events: (1) Sisk signing this Agreement; (2) the expiration of the revocation period contained in section 20(e) below; and (3) the District Court approving this settlement.

(b) The second payment shall be made within 45 days after the first payment described in section 1(a) above.

(c) All payments issued shall be reported on an IRS form 1099.

(d) Sisk agrees to indemnify and reimburse the Released Parties for any tax liability, fines, penalties or interest assessed by the Internal Revenue Service or the Georgia Department of Revenue against the Released Parties if such

liability is on account of the payments described above or the allocation of those payments between Plaintiff and his counsel.

2. Sisk agrees that this is a disputed claim and represents that upon receipt of all of the above mentioned funds he will have been paid in full for any and all alleged back wages, liquidated damages and attorneys' fees for all hours worked for the Released Parties, including any overtime hours worked or alleged to have been worked, and will dismiss his pending lawsuit and all other claims with prejudice within 3 business days of the end of the revocation period described below in paragraph 20(e) and the Court's approval of the settlement reached by the Parties.

3. By entering into this Agreement, no Party admits any liability, fault or wrongdoing. Specifically, the Released Parties do not admit that Sisk was ever their employee or that Plaintiff is entitled to recovery any damages, including unpaid overtime and attorney's fees.

4. Confidentiality. Except where compelled by law, Sisk agrees not to disclose, discuss or publicize the terms or existence of this Agreement or the underlying claims to anyone other than his spouse, attorney, tax advisor or accountant, all of whom shall be notified of this limitation and agree to be bound by the terms of this Agreement prior to discussion of these matters.  If asked about this matter by anyone else, Sisk agrees only to state that he has resolved the matter.  If Sisk violates this provision as found by a court of law, Sisk shall pay the Released Parties $10,000 in liquidated damages, plus any other relief allowed by the court.

5. Non-Disparagement.   No Party shall make or publish or instigate the making or publication of any statement (in verbal, written or electronic or other form) disparaging of the other Party, their products, services, affairs,

payroll practices, or other operations or their past or present directors, officers, employees, shareholders, owners or agents whether or not such disparagement constitutes libel or slander.

If any prospective employer of Sisk contacts Mr. Ronald Sachs, he shall, on behalf of the Released Parties, give a neutral reference, only indicating Sisk's dates of employment, and position(s) held. Additionally, Sisk agrees that any written description of his prior relationship with the Released Parties, whether on a resume or a posting on social media or the like, shall be limited to the dates he worked with the Released Parties, his position, and his basic job duties as a luthier.

6. Representations by Sisk. Sisk has represented to the Released Parties and to the Court that other than a claim for unemployment and this action, he has filed no formal or informal claim, complaint or inquiry with any federal, state or local agency, including but not limited to the Internal Revenue Service. Sisk further represents that he will not seek further payment of unemployment benefits and will not file either formally or informally a complaint or claim with any federal, state or local agency. Sisk also represents that he does not have any video or other tape recordings from the Released Parties surveillance system or other property belonging to the Released Parties.

7. Sisk agrees that, by virtue of the Released Parties promises and agreements as set forth in this Agreement, he has received fair economic value for any and all potential claims or causes of action he may have or claim to have involving the Released Parties and that he is not entitled to any other damages or relief. Accordingly, Sisk covenants and agrees that he will not file suit or any other proceeding, including an administrative proceeding, seeking to recover any further damages or relief against the Released Parties, or seek or accept any further economic recovery or relief against the Released Parties, based upon any matter or event existing as of the time of his execution of this

Agreement, including, but not limited to, any matters related to his independent contractor status with the Released Parties, and his employment or termination of employment or contract with the Released Parties. In particular, this Agreement precludes Sisk from filing any claim, notice or charge with the Internal Revenue Service.

8. Should any such claim, action, demand, charge, or cause of action be instituted against the Released Parties, Mr. Sisk agrees (i) that he has already received all wages, salary, benefits, or other compensation from the Released Parties to which he is entitled; (ii) that he is not entitled to any injunctive or equitable or other relief from the Released Parties; (iii) that he is not entitled to any damages in any form from the Released Parties; and (iv) that he has and will be solely responsible for any tax liability based on his independent contractor status with the Released Parties, and will indemnify and hold the Released Parties harmless, including paying any tax liability, penalty and reasonable attorney's fees, in the event the Internal Revenue Service should find that Sisk was improperly treated as a contractor and paid non-wage compensation as an independent contractor.

9. Sisk represents and warrants that he is authorized to enter into this Agreement and that he has the authority to perform the terms of this Agreement. Sisk represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

10. Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, Sisk hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASES AND FOREVER DISCHARGES all Released Parties from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, all unpaid wages, liquidated damages, attorneys' fees,

5

or other form of relief attributable to any claim that Sisk has made or could make against the Released Parties ("Released Claims").

The Released Claims include but are not limited to all claims arising from or related to Sisk's independent contractor status, employment, potential employment or termination thereof, including, but not limited to any claims, rights, actions, liabilities, or demands of any nature that might be or might have been raised by Sisk pursuant to any state, local or federal law, constitution, regulation, or any common law or equitable theory of relief, such as, without limitation, claims for any worker's compensation benefits; pay, commissions, wages, incentives or bonuses of any type or character; all claims based on any oral, written, or implied contract; breach of contract; breach of the duty of loyalty; breach of covenants; breach of the covenant of good faith and fair dealing; discrimination or retaliation; gender/sexual harassment; infliction of emotional distress; tortious interference with contractual relations; tortious interference with business relations; wrongful discharge; violation of public policy; libel; defamation; invasion of privacy; misappropriation of trade secrets; misappropriation of property; conversion of property; unjust enrichment; negligence; assault; battery; negligent retention; negligent hiring; negligent supervision; promissory estoppel; violation of public policy; retaliation; bad faith refusal to pay; or any other tort; and, any and all matters arising under the Employee Retirement Income Security Act of 1974; any right to health care continuation pursuant to plan documents or the Consolidated Omnibus Budget Reconciliation Act of 1985 or any similar state law; all health care policy or plan conversion rights; and any and all matters arising under the following: Sections 1981 through 1988 of Title 42 of the United States Code; the Civil Rights Acts of 1866, 1871, 1964, and 1991, including Title VII; the Rehabilitation Act of 1973; the Americans with Disabilities Act ("ADA"), as amended; the Age Discrimination in Employment Act of 1967

("ADEA"); the Older Workers Benefit Protection Act of 1990; the Immigration Control and Reform Act of 1986; the Family and Medical Leave Act ("FMLA"); the Genetic Information Non-Discrimination Act; and any other federal, state or local civil rights or fair employment practices law regarding acts or omissions occurring through the date of this Agreement. Sisk understands that the foregoing is not a complete list of claims released.

IT IS THE INTENT OF SISK TO RELEASE ALL CLAIMS OF EVERY NATURE AND KIND WHETHER KNOWN OR UNKNOWN, ACCRUED OR NOT ACCRUED, WHICH SISK HAS, HAD OR MAY HAVE AGAINST the Released Parties AS OF THE DATE OF THE EXECUTION OF THIS SETTLEMENT AGREEMENT.

9. Sisk covenants not to hereafter sue or to authorize anyone else to file a lawsuit on his behalf against the Released Parties and not to become a member of any class suing the Released Parties on any claims released herein. Although Sisk understands that he may provide information in an investigation or proceeding conducted by any government agency, he covenants and agrees not to accept, recover, or receive any damages or any other form of relief that may arise out of or in connection with any action brought pursuant to the Fair Labor Standards Act. In addition, Sisk agrees not to induce, incite, or encourage claims of any nature by others against the Released Parties.

11. If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law, except if section 10 above is found to be invalid or unenforceable, then the Agreement shall cease to be binding and Sisk shall return any funds paid pursuant to section 1 above.

12. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

13. This Agreement is binding on each of the Parties and their respective heirs, successors and assigns.

14. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

15. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

16. Except as expressly provided herein, the parties represent and warrant that in executing this Agreement they do not rely upon, and have not relied upon, any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

17. The Parties acknowledge that each Party has had an equal opportunity to participate in the drafting of this Agreement, and has participated in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

18. The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

19. Sisk acknowledges that he has been advised to consult an attorney prior to signing this Agreement, and has in fact done so. In this respect, Sisk has consulted with and been advised by V. Severin Roberts, Esquire in this matter and is satisfied that Mr. Roberts has explained to him all of his options in connection with this Agreement.

20. Sisk further acknowledges that, in executing this Settlement Agreement he does not rely on and has not relied on any representation or statement made by the Released Parties or any of their agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Settlement Agreement that are not contained in this writing. By signing this Agreement, Sisk further agrees and certifies that:

a) he has carefully read and fully understands the provisions of this Agreement, including the release of any and all claims of any nature whatsoever, and covenants not to sue and the confidentiality provision of this Agreement;

b) he was given the right to and has consulted counsel regarding the terms of this Agreement;

c) he is competent in all respects and duly authorized to sign this Agreement;

d) he agrees to the terms of this Agreement knowingly, voluntarily, without intimidation, coercion or pressure, and

e) he was given at least twenty-one (21) days to consider this Agreement (although he can waive the twenty-one (21) day period) and that he has seven (7) days after execution and return of the original signed document to Debra Schwartz to revoke his agreement to the terms of this Agreement. In the event that Sisk wishes to

revoke the agreement within the seven day period he shall send written notice to Debra Schwartz, Schwartz Rollins LLC, 945 E. Paces Ferry Road, Suite 2270, Atlanta, GA 30326.

21. With the exception of revocation described in the previous paragraph, no cancellation, modification, amendment, deletion, addition, or other changes in this Settlement Agreement, or any provision hereof or waiver of any right herein provided, shall be effective for any purpose unless specifically set forth in a written agreement signed by Sisk and an authorized representative of the Released Parties.

7/14/2016
Date

_____
Cody Sisk

7/18/16
Date

_____
Ronald Sachs

7/18/16
Date

_____
Representative of Ronald Sachs Violins, LLC